IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:06-CR-0309 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **DENIS SEGUNDO** | : | |
| **CALDERON-MINCHOLA,** | : | |

## MEMORANDUM

Presently before the court is defendant's motion for judgment of acquittal or, in the alternative, for a new trial (Doc. 43). For the reasons that follow, the motion will be denied.

### I.  Factual Background

On March 22, 1983, defendant Denis Segundo Calderon-Minchola, a native and citizen of Peru, was admitted to the United States as an immigrant (i.e., a lawful permanent resident). He was convicted of aggravated assault and criminal conspiracy in the Philadelphia County Court of Common Pleas on July 21, 1997 and sentenced to a term of incarceration of two and a half to ten years. (Gov't Ex. 1 at 3.)[1] On February 9, 2005, defendant was issued a Notice to Appear charging him with removability under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act. (Id. at 1-2.) He was ordered removed from the United States on January 24, 2006 (Gov't Ex. 2), and his appeal to the Board of Immigration Appeals ("BIA") was

---

[1] The exhibits referenced in this memorandum are the government's trial exhibits. (See Doc. 39.)

dismissed on May 17, 2006 (Gov't Ex. 3). Thus, defendant's order of removal became final on May 17, 2006. See 8 C.F.R. §§ 241.1; 1241.1(a).

On June 14, 2006, defendant was taken to the Peruvian Consulate in New Jersey for the issuance of a travel document, but he refused to sign the travel document. (Tr. Officer Michael Chiliberti Direct Examination.) The next day, Officer Michael Chiliberti served defendant with a document warning defendant of the consequences of his failure to depart the United States and a document titled "Instruction Sheet to Detainee Regarding Requirement to Assist in Removal."[2] (Id.; Gov't Ex. 5.) The instruction sheet states:

> The following is a list of things you are required to complete within 30 days of receiving this form, in order [to] comply with your obligation to assist in obtaining a travel document:
>
> * * *
>
> Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.
>
> Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document. . . .

(Gov't Ex. 5.) Approximately one month later, defendant was videotaped stating that he would not sign any travel documents. (Gov't Ex. 8.)

---

[2] Defendant refused to sign these documents. (Tr. Officer Michael Chiliberti Direct Examination; Gov't Exs. 4, 5.)

Defendant was indicted by a grand jury on September 13, 2006. (Doc. 1.) The one-count indictment charged defendant with hindering his removal from the United States, in violation of 8 U.S.C. § 1253(a)(1)(B), which states:

> Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 1227(a) of this title, who . . . willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure . . . shall be [guilty of a crime].

8 U.S.C. § 1253(a)(1)(B). After entering a plea of not guilty (Doc. 8), a jury trial was held on April 2 and 3, 2007 (Docs. 35, 36, 38). As part of the final instructions to the jury, the court explained the third element that the government was required to prove beyond a reasonable doubt:

> For the third element of the offense—that the defendant willfully failed or refused to make a timely application for a travel or other document necessary for his departure from the United States—the term "willfully" describes the alleged state of mind of the defendant. It means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident. An act is done willfully if done voluntarily and intentionally, and with the intent to do something the law forbids. The term "necessary for his departure" refers to those documents necessary for a lawful departure from this country and a lawful entrance into another.
>
> There is no requirement that the Board of Immigration Appeals hold removal proceedings in abeyance based on the mere possibility that a collateral proceeding, such as a habeas corpus proceeding, could have an impact on the alien's immigration status.

(Tr. Court's Final Instructions to Jury.)[3] Counsel for defendant raised no objections to the final instructions given to the jury.[4] During trial, defendant argued, without legal support, that the term "timely" in the third element dealt with exhaustion of legal remedies, including habeas corpus proceedings. In other words, defendant contended that it was premature to require him to cooperate in removal proceedings because he not exhausted his legal remedies.[5] (Tr. Bench Conference During James J. Orlow Cross Examination.)

At the conclusion of the trial, the jury returned a verdict of guilty.[6] (Doc. 40.) On April 10, 2007, defendant filed a motion for judgment of acquittal or, in the alternative, for a new trial. (Doc. 43.) The motion has been fully briefed and is ripe for disposition.

## II.   Standard of Review

On a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, the court must "sustain the verdict if there is substantial

---

[3] The first two elements of the charged offense are: (1) the defendant was an alien at the time alleged in the indictment and (2) the defendant had been ordered removed from the United States. (Tr. Court's Final Instructions to Jury.)

[4] During the charge conference, counsel for defendant questioned the last sentence regarding the third element as quoted above. After the court explained that the language was based on the decision of the BIA (Gov't Ex. 3 at 2), counsel for defendant stated that he did not have any questions or concerns with respect to that instruction. (Tr. Court's Charge Conference with Counsel.)

[5] At the time of defendant's trial, he had a pending habeas matter in the Eastern District of Pennsylvania. (See Civil Action No. 2:06-CV-1012.)

[6] After the close of defendant's case, the court denied defendant's motion for judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure.

evidence, viewed in the light most favorable to the government, to uphold the jury's decision." United States v. Flores, 454 F.3d 149, 154 (3d Cir. 2006).

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). On a motion for a new trial based on a "weight of the evidence" argument, a district court can order a new trial only if the court "believes that 'there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.'" United States v. Brennan, 326 F.3d 176, 189 (3d Cir. 2003) (citation omitted).

### III. Discussion

In the instant matter, there is no dispute that defendant's order of removal became final on May 17, 2006 or that defendant refused to sign the necessary travel document in June and July 2006. Defendant argues, however, that there was insufficient evidence before the jury regarding the definition of "timely" as set forth in the third element of the statutory crime—that the defendant willfully failed or refused to make a *timely* application for a travel or other document necessary for his departure from the United States. See 8 U.S.C. § 1253(a)(1)(B). Specifically, defendant contends that neither the government nor the court provided a definition for this term and, therefore, the jury could not return a guilty verdict beyond a

reasonable doubt.[7] (See Doc. 44 at 4.) The court is unpersuaded. First, the instructions to the jury, to which defendant did *not* object, included a timeliness component by informing the jury that the BIA was not required to hold immigration proceedings in abeyance pending a collateral attack.[8] Second, the instruction sheet served on defendant on June 15, 2006 indicated that defendant was required to apply for a travel document and to comply with all instructions for completing documentation for issuance of a travel document within thirty days. (See Gov't Ex. 5.) Finally, defendant's immigration attorney testified that he was aware that he would have been considered aiding and abetting a crime if he had instructed defendant not to sign for a travel document. (Tr. James J. Orlow Direct Examination.) Given these instructions and evidence, the court finds that the jury had ample information regarding the "timely" component of the offense charged and that a reasonable jury could conclude that defendant did not make a timely application for a travel document. Therefore, the court finds that there is "substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision." Flores, 454 F.3d at 154. Accordingly, the court will

---

[7] Defendant concludes that without a definition of "timely," the "jury was ruled by sympathy and bias in favor of the law enforcement officers, and of the government, to reach its verdict." (Doc. 44 at 4.)

[8] The court notes that there is no case law specifically defining "timely" under 8 U.S.C. § 1253(a)(1)(B).

deny defendant's request for judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure.[9]

An appropriate order will issue.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     June 12, 2007

---

[9] Given the court's finding that there is substantial evidence to uphold the jury's guilty verdict, the court finds that the "interest of justice" does not require a new trial and that there is not a "serious danger . . . that an innocent person has been convicted." Brennan, 326 F.3d at 189. Accordingly, the court will deny defendant's request for a new trial under Rule 33(a) of the Federal Rules of Criminal Procedure.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:06-CR-0309** |
| : | |
| **v.** : | **(Judge Conner)** |
| : | |
| **DENIS SEGUNDO** : | |
| **CALDERON-MINCHOLA,** : | |

## **ORDER**

AND NOW, this 12th day of June, 2007, upon consideration of defendant's for judgment of acquittal or, in the alternative, for a new trial (Doc. 43), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 43) is DENIED.

                                         S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge